27 F.3d 563
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Jack W. RICHENDOLLAR; Garis L. Pruitt, Appellants,
and
Wanda Shrewsbury, Individually and as Administratrix of the
Estate of Donald Lee Shrewsbury; Smithfield
Packing Company, Incorporated, Plaintiffs,
v.
Lisa BERTINI, Guardian ad litem for Darryl and Carmella
Shrewsbury, Defendant-Appellee,
and
Strapack Corporation; Landen Strapping Corporation;
Dyanric, Incorporated; Strapack, Incorporated, Defendants.
 No. 93-1846.
 United States Court of Appeals, Fourth Circuit.
 Argued: April 12, 1994.
Decided: June 17, 1994.
 
 1
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Richard B. Kellam, Senior District Judge. (CA-92-358)
 
 
 2
 Jack W. Richendollar, Law Offices of Garis L. Pruitt, Catlettsburg, Kentucky, for Appellants.
 
 
 3
 Vann Howard Lefcoe, McGuire, Woods, Battle & Boothe, Norfolk, Virginia, for Appellees.
 
 
 4
 Garis L. Pruitt, Law Offices of Garis L. Pruitt, Catlettsburg, Kentucky, for Appellants.
 
 
 5
 Lisa A. Bertini, McGuire, Woods, Battle & Boothe, Norfolk, Virginia, for Appellees.
 
 
 6
 E.D.Va.
 
 
 7
 AFFIRMED.
 
 
 8
 Before WILLIAMS and MICHAEL, Circuit Judges, and WARD, Senior United States District Judge for the Middle District of North Carolina, sitting by designation.
 
 OPINION
 PER CURIAM
 
 9
 This action arises from the district court's denial of appellant's Rule 60(b) motion to grant relief from the order of settlement. The district court held that counsel for appellants were entitled to and received one-third of the total sum recovered after the deduction of costs. Because there was no abuse of discretion by the district court, we affirm the district court's holding that attorneys' fees were properly calculated and order the appellant to pay appellees' attorney fees.
 
 I.
 
 10
 On December 23, 1988, Donald Lee Shrewsbury was electrocuted while operating a machine at his place of employment, Smithfield Packing Company ("Smithfield Packing"), in Smithfield, Virginia. Mr. Shrewsbury was survived by his wife, Wanda Shrewsbury, who became the administratrix of his estate, and two infant minor children, Darrell and Carmella Shrewsbury.
 
 
 11
 Mrs. Shrewsbury, individually and as administratrix of the estate, and Smithfield Packing brought a wrongful death action in the Eastern District of Virginia against Strapack of Tokyo ("Strapack"). Strapack is a Japanese corporation who designed and manufactured the machine that caused Mr. Shrewsbury's death. Smithfield Packing joined Mrs. Shrewsbury in her suit in an attempt to recover its workers' compensation lien.
 
 
 12
 On March 3, 1993, Strapack settled the case and all claims for $410,000.00. Plaintiffs were represented by Jack W. Richendollar ("Mr. Richendollar"). This action was brought in Virginia and Mr. Richendollar practices in Kentucky. As a consequence, Mr. Richendollar was required to associate local counsel. The record indicates that Robert Moody, IV ("Mr. Moody") and James A. Segall ("Mr. Segall") were associated as local counsel. Plaintiffs were also represented by Garis L. Pruitt ("Mr. Pruitt") who was located in Kentucky along with Mr. Richendollar.
 
 
 13
 Mr. Richendollar and Mr. Moody advised the court of the settlement offered by Strapack. On April 9, 1993, all parties and their respective counsel appeared before the trial court for a hearing on approval of the settlement. Judge Kellam allowed all parties to be heard. After all parties consulted and reached an agreement, Mr. Segall presented Judge Kellam with a proposed order of settlement, duly endorsed by all parties and attorneys. This order provided for payment to Mr. Richendollar and Mr. Pruitt in the amount of $129,002.22, which was one-third of the total settlement after deduction of $22,993.32 for costs advanced by counsel (See Appendix). This order was signed by Judge Kellam and Mr. Richendollar.
 
 
 14
 On May 19, 1993, Mr. Richendollar and Mr. Pruitt moved, pursuant to Federal Rule of Civil Procedure 60(b), for the trial court to grant relief from the order of settlement on the grounds that, due to inadvertence and mistake, the trial court had, in effect, "give[n] Wanda Shrewsbury's [sic] plaintiff [sic] counsel's fee for extinguishment of future workers compensation benefits." In the motion, Mr. Richendollar argued that Mrs. Shrewsbury had received approximately $38,000 that should have gone to Mr. Richendollar for attorneys' fees.
 
 
 15
 Judge Kellam denied the Rule 60(b) motion and Mr. Richendollar appealed. In addition to asking that the district court's denial of Mr. Richendollar's Rule 60(b) motion be affirmed, appellees are asking for the award of attorneys' fees pursuant to Rule 38 of the Federal Rules of Appellate Procedure and 28 U.S.C. Sec. 1912.
 
 II.
 
 16
 Mr. Richendollar represented both Smithfield Packing and the Shrewsburys and as such was entitled to collect fees from both parties. According to Virginia workers' compensation law, attorneys are entitled to compensation for obtaining the release of the obligation for future payments. Sheris v. Travelers Insurance Co., 491 F.2d 604 (4th Cir.1974). Mr. Richendollar also had the typical contingent fee arrangement with the Shrewsburys whereby he would collect one-third of the settlement after expenses.
 
 
 17
 The total value of the workers' compensation award was $114,265.00. Prior to the settlement of the lawsuit, Smithfield Packing, through its workers' compensation insurer, had paid the Shrewsbury estate the sum of $52,901.19.
 
 
 18
 The controversy in this appeal arises from the mathematical calculation of the amount of attorneys' fees. The calculation submitted by Mr. Richendollar's local counsel and approved by the district court is attached as an appendix.
 
 
 19
 Strapack settled this action for $410,000.00. This was the only pot of money available to compensate the Shrewsburys and to satisfy Smithfield Packing's workers' compensation lien. Mr. Richendollar claims to be entitled to one-third of the $410,000.00 less expenses in addition to one-third of Smithfield Packing's workers' compensation lien amount. In support of this claim, Mr. Richendollar contends that the $38,088.33 representing attorneys' fees owed by Smithfield Packing was never delivered to Mr. Richendollar.
 
 
 20
 Mr. Richendollar was entitled to one-third of the total recovery after expenses. Expressed another way, Mr. Richendollar was entitled to one-third of the amount recovered by Smithfield Packing after expenses plus one-third of the amount recovered by the Shrewsburys after expenses. Either way, Mr. Richendollar is entitled to the same amount.
 
 
 21
 Using the first method to calculate attorneys' fees, Mr. Richendollar is entitled to one-third of $410,000.00 less expenses of $22,993.34. Thus Mr. Richendollar is entitled to one-third of $387,006.66. This works out to $129,002.22.
 
 
 22
 Using the second method, Mr. Richendollar is entitled to one-third of the amount Smithfield Packing recovered in addition to one-third of the amount the Shrewsburys recovered after expenses. Smithfield Packing recovered $114,265.00 in settlement of the workers' compensation lien and Mr. Richendollar is entitled to one-third of the amount or $38,088.33.
 
 
 23
 The Shrewsburys recovered $410,000 less $22,993.34 for expenses and less $114,265 (the amount recovered by Smithfield Packing) for a total of $272,741.66. Of this total, Mr. Richendollar is entitled to one-third or $90,913.89.
 
 
 24
 Mr. Richendollar is entitled to $38,088.33 from Smithfield Packing plus $90,913.89 from the Shrewsburys or a total of $129,002.22. Thus, the totals are identical regardless of the methodology used to calculate the attorneys' fees.
 
 
 25
 Mr. Richendollar is wrong in the assertion that the attorneys' fees deducted from the Smithfield Packing recovery were not awarded properly. The above calculations indicate that Mr. Richendollar received the full amount he was owed. If Mr. Richendollar had exerted even minimal effort it would have been obvious that the attorneys' fees were properly calculated and this frivolous appeal would have been avoided.
 
 
 26
 The record indicates that Mr. Richendollar's local counsel presented the settlement figures to the district court and Mr. Richendollar signed the court order disbursing the settlement funds. To come back after the fact and argue that two licensed attorneys did not know or understand what they were agreeing to is the epitome of a frivolous action.
 
 
 27
 According to Rule 38 of the Federal Rules of Appellate Procedure, "[i]f a court of appeals shall determine that an appeal if frivolous, it may award just damages and single or double costs to the appellee." Accordingly, we direct that appellant pay costs and reasonable attorneys' fees. Counsel for appellees and counsel for appellants shall have thirty days in which to confer and agree to reasonable attorneys' fees. If they are unable to agree upon an amount as reasonable attorneys' fees, then counsel for appellees shall so advise and submit a verified statement of costs and fees to the Clerk of this Court for assessment. Counsel for appellant may respond. Thereafter, either party dissatisfied by the Clerk's determination, upon written application therefor, may obtain review by the court on the papers without oral argument.
 
 
 28
 There being no abuse of discretion by the district court, the judgment of the district court is
 
 
 29
 AFFIRMED.
 
 APPENDIX
 
 30
 NOTE: OPINION CONTAINS TABLE OR OTHER DATA THAT IS NOT VIEWABLE
 
 TABLE